UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:22-CR-45-HAB |
| ) | |
| KEVIN T. LESHORE, JR. ) | |

**OPINION AND ORDER**

Defendant possessed a firearm and small amounts of narcotics. He pleaded guilty to a single count of being a felon in possession of a firearm. The probation officer assessed a four-level enhancement in the presentence investigation report under U.S.S.G. § 2K2.1(b)(6)(B), finding that Defendant possessed the firearm in connection with another felony offense. Defendant objected to this enhancement (ECF No. 43) and the Court held an evidentiary hearing on the objection. The objection is now fully briefed (ECF Nos. 57-59) and ready for ruling.

**I.    Factual Background**

The facts are undisputed and straightforward. In June 2022, Officer Mason Wills ("Wills") of the Fort Wayne Police Department spotted Defendant at a gas station near several low-cost motels known for drug activity. Wills saw a handgun magazine sticking out of Defendant's pocket. Defendant also had a satchel strapped around his chest. Wills determined through his in-car computer that Defendant was a convicted felon with two active warrants.

Wills saw Defendant walk up to a car and speak to the occupants. Defendant then got into his vehicle and left the gas station. Wills attempted a traffic stop but Defendant fled, first in his vehicle and then on foot. Defendant was finally apprehended, but not before he was tased and pepper sprayed.

Officers found the satchel on Defendant when he was arrested, a high-capacity magazine in the grass near the start of the foot chase, and a firearm near a building where Defendant was caught. The satchel contained around $600 in loose currency and three plastic bags. One bag field-tested positive for crack, the other two positive for fentanyl. The total drug weight was less than .2 grams. Both parties agree that these amounts could be consistent either with drug trafficking or personal use.

## II.     Legal Discussion

United States Sentencing Guideline 2K2.1(b) calls for a four-level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. 2K2.1(b)(6)(B). "Another felony offense" means "any federal, state, or local offense . . . punishable by imprisonment of more than a year, regardless of whether a criminal charge was brought, or a conviction obtained." *Id*., cmt. 14(C). The enhancement applies "if the firearm . . . facilitated, or had the potential of facilitating, another felony offense." *Id*., cmt. 14(A). The Government must prove the applicability of the enhancement by a preponderance of the evidence. *United States v. Ewing*, 129 F.3d 430, 434 (7th Cir. 1997).

The Government points to two different felonies that it claims supports the enhancement: drug trafficking and felony possession of narcotics. The Court agrees that the evidence demonstrates by a preponderance of the evidence that Defendant was trafficking narcotics.

Defendant concedes that one could reasonably conclude, from the facts presented at the evidentiary hearing, that he was dealing drugs when Wills saw him at the gas station. But he asserts that one could also reasonably conclude that the drugs were for his own use. After all, the amounts are small and, other than a digit scale in the vehicle, Defendant had no other obvious drug trafficking accoutrements. Divorced from context, Defendant's argument might have some merit.

The problem is the Court has context, specifically about Defendant's history of drug use. Like every other individual awaiting federal sentencing, Defendant was asked about prior drug use. There is no evidence in the record of Defendant ever using crack or fentanyl. He has a history of marijuana use but quit in 2019. (ECF No. 44 at 14-15). He also has a history of abusing prescription pain killers, but that too appears to have stopped in 2018 or 2019. (*Id*. at 15). Defendant's reported drug use was so minimal that he wasn't even given the standard drug screening assessment.

Defendant argues that he lied to the probation officer, minimizing his drug use to improve his status at sentencing. Maybe, but "[w]hen the judge relies on the PSR, '[t]he defendant must do more than merely deny the facts in the report; instead, he must provide some evidence calling into question the accuracy or reliability of the information in the PSR.'" *United States v. Walton*, 907 F.3d 548, 553 (7th Cir. 2018) (quoting *United States v. Harmon*, 721 F.3d 877, 889 (7th Cir. 2013)). If he wants to now argue that he was a crack/fentanyl user, there must be evidence of that. Because there isn't, the Court rejects Defendant's argument of personal use.

The only remaining issue is whether the firearm was possessed "in connection" with the drug trafficking. Application Note 14(B) creates a presumption that the § 2K2.1(b)(6)(B) enhancement is warranted whenever guns are found "in close proximity to drugs . . . or drug paraphernalia." *See United States v. Slone*, 990 F.3d 568, 572 (7th Cir. 2021). And when guns are possessed along with the materials of a drug trafficker, the Court can draw the reasonable inference that the guns protect or embolden the criminal enterprise. *United States v. LePage*, 477 F.3d 485, 489 (7th Cir. 2007). The Court concludes that Defendant's possession of a firearm, in an area known for drug trafficking, along with distribution amounts of narcotics, is enough evidence to apply the enhancement.

**III.     Conclusion**

For these reasons, Defendant's objection to the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) is OVERRULED.

SO ORDERED on July 25, 2023.

 s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
